# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:09-CV-315-FL

| | |
|---|---|
| LARRY JOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| DONNIE HARRISON, ) | |
| ) | |
| Defendant ) | |

This cause comes before the Court upon Defendant's Motion for Summary Judgment (DE-12). Plaintiff has failed to respond to this motion and the time for doing so has expired. Accordingly, the motion is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Defendant's Motion for Summary Judgment (DE-12) be GRANTED.

As an initial matter, Plaintiff's "motion for default judgment" (DE-11) has also been referred to the undersigned. Although it has been docketed as a motion, the filing is little more than a proposed order. No motion in accordance with Local Civil Rules 7.1 and 10.1 has been attached to the proposed order. Nor has a memorandum in support of the requested relief been filed. *See*, Local Civil Rule 7.1(d). For these reasons, it is HEREBY RECOMMENDED that any relief requested in Plaintiff's September 25, 2009 filing (DE-11) be DENIED.

**I. Background**

Defendant Donnie Harrison is the Sheriff for Wake County (DE-13, pg. 2). In this capacity, he is charged under the laws of the State of North Carolina to serve and execute, either personally or through deputy sheriffs, civil process. (DE-13, pg. 2).

On or about July 24, 2009, a Civil Summons and Complaint issued by the North Carolina General Court of Justice to the Sheriff of Wake County for service was personally served upon the Plaintiff (the Defendant in Wake County Superior Court case number 08 CVS 22477) by Deputy Sheriff Kim Garey (DE-13, pg. 2).

Plaintiff filed the Complaint in this matter on July 9, 2009 (DE-1). The Complaint is entitled "Libel of Review - Common Law Claim in Admiralty – Notice Lis Pendens and –Verified Statement of Right – Re False Claim in Assumpsit to Rights in the Original Estate – Article III; Constitution" (DE-1, pg.1). In his Complaint, Plaintiff appears to claim that he is his own sovereign nation and cannot be served with civil process issued by the North Carolina General Court of Justice and seeks to prevent service of civil process upon him by the Sheriff of Wake County.

Specifically, Plaintiff asserts that "[m]unicipal agent Donnie Harrison has been making false claims and this counterclaim and notice lis pendens are now in the 'original exclusive cognizance' of the United States through the district court (DE-1, pg. 1). Plaintiff also contends that "[i]n international law and according to the law of the land, agents of a foreign principal are required to file any pretended claim in the appropriate district court prior to exercising rights to that claim" (DE-1, pg. 1). Likewise, Plaintiff indicates that

"Donnie Harrison, acting as 'City Metro officer agent of the United Nation's International Monetary Fund and reserve banker', City of Washington, District of Columbia has made a nuisance or threatening presentment to Larry John. Donnie HARRISON is an agent of a foreign principal, a 'foreign state'" (DE-1, pg.2). Finally, Plaintiff argues that "Donnie Harrison, reserve bank agent, has served Larry John with nuisance court papers in an effort to execute inland seizure of Larry John's property" (DE-1, pg. 5).

Beyond this, it is difficult to ascertain the precise nature of Plaintiff's claims or the relief he seeks.

## II. Analysis

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted:

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
> Celotex Corporation v. Catrett, 477 U.S.317, 322-323 (1986)

"[S]ummary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 317; Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Specifically, the moving party bears the burden

3

of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that the moving party believes demonstrate an absence of any genuine issues of material fact. Celotex, 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue which requires trial. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint or other pleadings. Celotex, 477 U.S. at 324. See also, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Defendant's motion for summary judgment should be granted for a number of reasons. First, as noted above, because Plaintiff has not responded to the instant motion, summary judgment could be granted on that basis alone.

Furthermore, Plaintiff's complaint has not been properly signed. *See* Local Civil Rule 10.1. Specifically, in lieu of a signature, a fingerprint appears above the signature line of Plaintiff's Complaint (DE-1, pg. 10).

In addition, Plaintiff's Complaint on its face fails to present any claim for relief which could be granted by this Court. *See generally*, F.R. Civ. P. 8. Generally, Plaintiff must present sufficient evidence for a reasonable fact finder to conclude that his injury, if any, resulted from an official policy or custom of the Sheriff's Office in order to survive summary judgment. See Collins v. City of Harker Heights, 503 U.S. 115, 120-121 (1992). Plaintiff has failed to allege with any specificity that Defendant's actions in the course serving civil

4

process resulted in a violation of his rights. Thus, Plaintiff has failed in the first instance to even allege an injury. Assuming *arguendo*, Plaintiff had sufficiently alleged a violation of his rights, he has further failed to properly allege that his injury resulted from an official policy or custom of the Sheriff's Office. *See* Hinkle v. City of Clarksburg, 81 F.3d 416, 420 (4th Cir.1996) (explaining that before a governmental entity can be held liable under § 1983 in its official capacity, there must be a deprivation of a federal right).

Finally, while it is difficult to precisely ascertain Plaintiff's claim, it is appears that that Defendant is being sued in his official capacity as the Wake County Sheriff. Regardless, to the extent Defendant is being sued in his individual capacity he is entitled to qualified immunity. Qualified immunity shields public officials from liability for civil damages to the extent their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This determination is based on the information actually known or reasonably available to the officer at the time, and is subject to any "exigencies of time and circumstance that reasonably may have affected the officer's perceptions." Pritchett v. Alford, 973 F.2d 307, 312-313 (4th Cir.1992)(stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). Even if officers "of reasonable competence" could disagree, qualified immunity will apply. Malley v. Briggs, 475 U.S. 335, 341 (1986). Moreover, this entitlement "is an immunity from suit rather than a mere defense to liability" Mitchell v. Forsyth, 472 U.S. 511 (1985); Harlow v. Fitzgerald, 457 U.S. 800 (1982). Given that Plaintiff has failed to clearly articulate that Defendant has violated any

5

of his rights, Defendant is also entitled to the defense of qualified immunity.

## III. Conclusion

For the foregoing reasons, it is HEREBY RECOMMENDED that Defendant's Motion for Summary Judgment (DE-12) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 11th day of December, 2009.

_____
William A. Webb
U.S. Magistrate Judge