IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-315-FL

| | | |
|---|---|---|
| LARRY JOHN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONNIE HARRISON, | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE # 17), regarding plaintiff's motion for default judgment (DE # 11) and defendant's motion for summary judgment (DE # 12). No objections to the M&R have been filed, and the time within which to make any objection has expired.[1] This matter is ripe for ruling.

In his complaint filed July 9, 2009, plaintiff appears to allege that he is his own sovereign nation. Invoking international law and the Bible, he contends that he may not be served with civil process by defendant, "an agent of a foreign principal." Plaintiff seeks "immediate exclusive original cognizance of the United States" as well as "injunctive relief from any future presentments and theft or kidnap actions from any foreign agents or principals." (Compl. 7.) Finding it difficult to determine the precise nature of the cause of action, the magistrate judge construed this prayer for relief as seeking to prevent service of civil process upon him.

---

[1] Plaintiff returned the M&R to the magistrate judge with "Refusal for Cause" written across the face of each page, and filed copy of the same with the clerk. This response does not conform with the requirement to file "specific, written objections to the proposed findings and recommendations." See Fed. R. Civ. P. 72(b)(2).

Defendant answered on August 3, 2009, raising a number of defenses under the Federal Rules of Civil Procedure. Specifically, defendant argued that the complaint failed to state a claim for which relief could be granted; was not well grounded in fact, was not supported by existing law, was interposed to improperly harass and delay defendant's performance of his lawful duty, and was signed in violation of Rule 11; and was barred by sovereign, governmental, and individual qualified immunity. Defendant admitted attempting to serve civil process on plaintiff and denied violating any clearly established rights of plaintiff under the United States Constitution.

On September 25, 2009, plaintiff filed a motion for default judgment. As the magistrate judge noted, the motion was little more than a proposed order. Additionally, the court notes that plaintiff's assertion that defendant "failed to serve timely any claim, or answer, or defense" is not supported by the record in this case.[2] The magistrate judge recommended denying any requested relief for failure to comply with Local Civil Rules 7.1 and 10.1.

On October 23, 2009, defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. In supporting affidavit filed contemporaneously therewith, defendant stated that, as elected Sheriff for Wake County, he is charged with a duty under state law to duly serve and execute all civil process directed to his office by the North Carolina Court of Justice. In furtherance of that office and in accordance with state law, defendant states that he served a civil summons and complaint upon plaintiff by and through Deputy Sheriff Kim Garey. Defendant argues that summary judgment is appropriate on the basis of these undisputed facts.

In his M&R, entered December 11, 2009, the magistrate judge recommends granting the summary judgment motion on a number of grounds. First, the magistrate judge notes that plaintiff

---

[2] Defendant's answer contains a certificate of service upon plaintiff. Defendant advises that plaintiff returned the answer to defendant with the same "Refusal for Cause" notation. (Mem. Supp. Summ. J. 2.)

did not file response to the motion, which is therefore uncontested. Second, the magistrate judge notes that the complaint was not properly signed as required by Local Civil Rule 10.1. Finally, the magistrate judge stated that the complaint fails to present any claim for relief which could be granted by the court. To the extent plaintiff has named defendant in his official capacity, plaintiff fails to allege an injury, or that such injury resulted from an official policy or custom of defendant's office. See Belcher v. Oliver, 898 F.2d 32, 36 (4th Cir.1990) ("Because it is clear that there was no constitutional violation we need not reach the question of whether a municipal policy was responsible for the officers' actions."). To the extent defendant is named in an individual capacity, he is entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S 800, 818 (1982) (holding that government officials are entitled to immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known").

After careful review, the court agrees with the magistrate judge. The conclusions reached in the M&R are supported by controlling case law as applied to the facts of this case. Consequently, the court hereby ADOPTS the recommendation of the magistrate judge. For the reasons stated therein, plaintiff's motion is DENIED and defendant's motion is GRANTED. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 5th day of January, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge